The document below is hereby signed.

Signed: December 14, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES WYATT, III, | ) | Case No. 04-01245 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM D. WHITE, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 04-10087 |
| WACHOVIA DEALER SERVICES, | ) | |
| INC., formerly known as WFS | ) | **Not for Publication in** |
| FINANCIAL, INC., | ) | **West's Bankruptcy Reporter** |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION
ADDRESSING PROPOSED FINAL JUDGMENT

The plaintiff has filed a proposed final judgment (to which the defendant has not objected) that provides for post-judgment interest "at the bank prime rate adjusted annually as reflected by the Federal Reserve Statistical Release, compounded annually," a rate different than the rate provided by 28 U.S.C. § 1961(a). Section 1961(a) applies to this court as a unit of the district court pursuant to 28 U.S.C. § 151, a unit that exercises the

jurisdiction of the district court over this adversary proceeding by way of referral under 28 U.S.C. § 157.  The post-judgment interest rate in Section 1961 is "mandatory," and applies to all cases. *Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260 (2d Cir.1989); *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005).

While some courts hold that the parties may agree to a different post-judgment interest rate, the parties must make their intention to set a different rate clear and unambiguous. *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004).  By its silence, the defendant has not affirmatively agreed to a different post-judgment interest rate, and § 1961(a) thus governs the rate of post-judgment interest.  Under 28 U.S.C. § 1961(b), such post-judgment interest is calculated daily, and compounded annually.

Accordingly, a judgment follows that includes prejudgment interest as calculated in the plaintiff's proposed judgment, and that directs that interest on the total judgment amount will accrue after the date of entry of the judgment as provided by 28 U.S.C. § 1961(a) and (b).  The judgment will be in the total amount of $27,050.98, which consists of $22,508.38 in post-petition payments, plus $4,392.60 in interest thereon to the

2

date of entry of the judgment, plus costs of $150.00.[1]

[Signed and dated above.]

Copies to: Kevin R. McCarthy, Esq. (counsel for plaintiff); William Rudow, Esq. (counsel for defendant); Office of United States Trustee.

---

[1] For ease of computation, the plaintiff calculated prejudgment interest only through October 31, 2010.

3